■ RICHARD L. WEISMAN, Appellant, v ELIZABETH F. WEISMAN, Respondent. — Order and judgment (one paper), Supreme Court, New York County (Stecher, J.), entered on or about January 30, 1982, affirmed for the reasons stated by Stecher, J., at Special Term, without costs and without disbursements. Concur — Sandler, J. P., Sullivan and Milonas, JJ.

Asch and Alexander, JJ., dissent in a memorandum by Asch, J., as follows: On his appeal, the plaintiff husband contends that the award of summary

judgment dismissing his complaint for divorce on the grounds of abandonment (constructive and actual) was inappropriate in that there were issues of fact left unresolved and, that the award of support and maintenance to the wife on a permanent basis was improper as he had not been afforded an evidentiary hearing. In my view the grant of summary judgment was not justified. The parties were married on July 3, 1966, in Boston, Massachusetts, after defendant had completed her freshman year at Pine Manor College. Thereafter, two daughters were born, Robin on March 20, 1968 and Abby on December 27, 1969. Apparently, the family was able to enjoy a lavish life-style due to the husband's inherited wealth. However, it is alleged that soon after the birth of the second child, plaintiff began to exhibit disenchantment with family life and engaged in "the drug scene" as though he were an unmarried man. In fact, Mrs. Weisman stated that in 1970, while in Acapulco, against her wishes, Mr. Weisman induced her to eat a drug-laced pastry which made her ill and caused her to hallucinate. This incident, it is alleged, precipitated the wife's visitations with a psychiatrist on a twice-weekly basis. Thereafter, the marital situation began to deteriorate rapidly as Mr. Weisman spent more time with his paramours. During one of their infrequent sexual encounters, the wife allegedly contracted a "social disease" from Mr. Weisman necessitating treatment by a Dr. Milton Brothers at 1060 Park Avenue. (Defendant wife gives no date for the contraction of the "social disease.") It appears that despite this episode, the couple remained together at least through the 4th of July of 1973, having discussed the deterioration of their marriage while at the summer home on that weekend. Mr. Weisman remained at the marital residence on 66th Street through the summer while Mrs. Weisman and the children remained at the beach. After Labor Day, when Mrs. Weisman and the children returned to New York, Mr. Weisman then removed himself to the Carlyle Hotel. In December, he obtained a duplex apartment at the U.N. Plaza. The defendant steadfastly denied that her husband ever made overtures of conciliation and that, in any event, his misconduct constitutes a "justification, in abundance, for the alleged misconduct which my husband wrongfully seeks to impute to me." With respect to the application to dismiss the divorce complaint, Mr. Weisman does not deny the material allegations made by Mrs. Weisman as to his conduct. However, he does allege that after being asked to leave the family residence in Wainscott (and subsequently the New York residence) he made several attempts to reconcile and have his wife and children move into his U.N. Plaza apartment. Special Term's grant of summary judgment to the wife is upon the ground that the wife's allegations of his reprehensible conduct are uncontroverted, and this conduct would be a complete justification for her alleged constructive abandonment. However, assuming, *arguendo,* that Mrs. Weisman had grounds for absolute divorce in adultery, her affidavit indicates the acts complained of but does not give the dates of such acts. It would appear that between the time of the alleged infidelities and the weekend of July 4, 1973, the couple were living together as man and wife. Further, whether the husband's departure was mutual or insisted upon by the wife, it would of necessity have occurred *after* Mrs. Weisman contracted the "social disease." Thus, the date of the occurrence and treatment of the disease, and its proximity in time to the constructive abandonment alleged by the husband, would be relevant and material in resolving whether the husband's misconduct was condoned later by the wife, or whether it remained as an acceptable justification for her refusal to continue cohabitation with him. In addition, Mrs. Weisman in her affidavit continually refers, as did Special Term, to her justification for her demanding (as alleged by plaintiff) that he leave the marital residence. Her denial of the assertion that she thereafter

rebuffed the husband's advances for a reconciliation is not wholly unequivocal, but dwells on the absolute assertion that Mr. Weisman never asked the children and her to move into the U.N. Plaza apartment with him. The husband's answering affidavit does not specifically address the issue of condonation, but examination of the wife's affidavit reveals that the "drug" incident (for which a date is given) occurred two and one-half years prior to the separation. As noted above, there is no date given for the alleged adultery and the contraction of the social disease. Special Term correctly observed that it is incumbent upon the person responding to a motion for summary judgment to offer more than mere denials and conclusory allegations in opposing. However, its statement that defendant made "precise allegations", in support of her motion, was incorrect for the reasons noted above. "The deficiencies in the affidavits on both sides upon crucial matters require that the movant be denied the summary relief sought" (*Wolf v Heating Maintenance Corp. of N. Y.*, 20 AD2d 861). For the foregoing reasons, the order of the Supreme Court, New York County (Stecher, J.), entered January 25, 1982, should be modified, on the law, without costs, to the extent of reversing the grant of summary judgment dismissing the complaint; to condition the order directing the husband to continue support upon the wife's noninterference with assets of plaintiff's corporation; and further to delineate the maintenance and support provisions of the order as *pendente lite;* and otherwise affirmed.